IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JUNE ANN EWING, INDIVIDUALLY and as EXECUTRIX of the ESTATE of BARRY KEITH EWING JUSTIN THOMAS EWING, INDIVIDUALLY, and JORDAN LINLEY EWING, INDIVIDUALLY<br><br>Plaintiffs,<br><br>vs.<br><br>CUSTOM CONCRETE PUMPING COMPANY, LLC and CUSTOM CONCRETE, INC.<br><br>Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 502CV004<br>(Jury Demanded) |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, JUNE ANN EWING, Individually and as Executrix of the Estate of Barry Keith Ewing, JUSTIN THOMAS EWING, Individually, and JORDAN LINLEY EWING, Individually, Plaintiffs in the above-entitled and numbered cause of action, and file this their Original Complaint against CUSTOM CONCRETE PUMPING COMPANY, LLC and CUSTOM CONCRETE, INC., Defendants, and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff, June Ann Ewing, is the surviving spouse of Barry Keith Ewing. She appears herein Individually and as Executrix of the Estate of Barry Keith Ewing. Mrs. Ewing has duly qualified as the Executrix of the Estate of Barry Keith Ewing and has the authority and capacity to bring this lawsuit.

2. Plaintiff, Justin Thomas Ewing, is the surviving son of Barry Keith

Ewing. He appears herein Individually.

3. Plaintiff, Jordan Linley Ewing, is the surviving daughter of Barry Keith Ewing. She appears herein Individually.

4. Defendant, Custom Concrete Pumping Company, LLC is a corporation licensed to do business in the State of Arkansas with its principal place of business in Arkansas. Custom Concrete Pumping Company, LLC may be served with process by serving its registered agent, Bobby F. Taylor, Jr., 2863 Highway 367 South, Cabot, Arkansas 72023.

5. Defendant, Custom Concrete, Inc. is a corporation licensed to do business in the State of Arkansas with its principal place of business in Arkansas. Custom Concrete, Inc. may be served with process by serving its registered agent, Bobby F. Taylor, Jr., No. 7 Sharon Cove, Cabot, Arkansas 72023.

## II. JURISDICTION AND VENUE

6. The Court has original jurisdiction because of diversity of citizenship pursuant to 28 U.S.C. §1332(a). Barry Keith Ewing was a citizen of Texas at the time of his death. Consequently, June Ann Ewing, as Executrix of the Estate of Barry Keith Ewing, is deemed to be a citizen of Texas pursuant to 28 U.S.C. §1332(c)(2). June Ann Ewing, Justin Thomas Ewing, and Jordan Linley Ewing are likewise each citizens of Texas. Defendants are citizens of Arkansas. The amount in controversy in this lawsuit far exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is based upon complete diversity of citizenship and therefore proper pursuant to 28 U.S.C. §1332.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391 because Defendants continuously and systematically do business within the Eastern District of Texas, are subject to personal jurisdiction here and

a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

### III. FACTUAL BACKGROUND

8. On or about September 19, 2000, Barry Keith Ewing, owner of Ewing Concrete Construction Company ("Ewing Concrete"), was working as a concrete contractor at a jobsite located at the southeast corner of U.S. Highway 67 and U.S. Highway 59 in Texarkana, Texas. On that morning, Mr. Ewing and his employees, including his son, Justin Thomas Ewing, were pouring a concrete slab foundation which required the use of a truck-mounted concrete boom pump. To facilitate this need, Ewing Concrete subcontracted with Defendants for the services of a truck-mounted concrete boom pump and employee operator, Eddie Huschelpeck ("Huschelpeck"). Defendants and Huschelpeck had knowledge of and experience with the hazards of using a truck-mounted concrete boom pump around overhead electric power lines.

9. At approximately 8:15 a.m., Mr. Ewing was holding the concrete boom pump delivery line and completing the pour, when suddenly and without warning, Huschelpeck caused the boom pump to contact or move within arching distance of an overhead electric power line. 7200 volts of electricity passed from the power line, down the concrete boom pump delivery line, and into and through the body of Mr. Ewing. Justin Thomas Ewing was present at the jobsite and witnessed the electrocution of his father. After his father was electrocuted, Justin Thomas Ewing held his father while he lay dying in the freshly poured concrete.

10. At the time of the electrocution, Huschelpeck was an employee of Defendants acting in the course and scope of his employment.

11. As a foreseeable and proximate result of his electrocution, Barry

Keith EWing suffered bodily injury which resulted in severe physical incapacitation, pain and suffering, mental anguish and, ultimately, his death on September 19, 2000.

## IV. WRONGFUL DEATH AND SURVIVAL ACTION

12. June Ann Ewing, Individually and as Executrix of the Estate of Barry Keith Ewing, brings this wrongful death and survival lawsuit pursuant to Tex. Civ. Prac. & Rem. Code §§ 71.001-.022. On November 6, 2000, June Ann Ewing was appointed Executrix of the Estate of Barry Keith Ewing by the County Court of Bowie County, Texas.

13. June Ann Ewing, as Executrix of the Estate of Barry Keith Ewing, brings this survival lawsuit for all of Barry Keith Ewing's causes of action against Defendants.

14. June Ann Ewing, Individually and as Executrix of the Estate of Barry Keith Ewing, brings this wrongful death lawsuit on behalf of all of Barry Keith Ewing's statutory beneficiaries including herself as surviving spouse, two adult children, Justin Thomas Ewing and Jordan Linley Ewing and the parents of Barry Keith Ewing, Gilbert and Betty Ewing.

15. Justin Thomas Ewing, Individually, brings this wrongful death lawsuit as a statutory beneficiary of Barry Keith Ewing, as well as this bystander lawsuit as a result of witnessing the electrocution and subsequent death of Barry Keith Ewing.

16. Jordan Linley Ewing, Individually, brings this wrongful death lawsuit as a statutory beneficiary of Barry Keith Ewing.

## V. NEGLIGENCE

17. Defendants, through employee Huschelpeck, owed a duty to exercise

reasonable care in the operation of Defendants' concrete boom pump so as not to endanger the safety of others, including Barry Keith Ewing. On the occasion in question, Huschelpeck failed to exercise reasonable care in the operation of Defendants' concrete boom pump. As a foreseeable and proximate result of Huschelpeck's failure to exercise reasonable care, Plaintiffs suffered compensable damages.

18. Specifically, Huschelpeck was guilty of acts and omissions constituting negligence and negligence per se toward Barry Keith Ewing in the following respects:

(a) failing to keep a proper lookout;

(b) failing to control the concrete boom pump;

(c) failing to timely compensate for movement of the concrete boom pump;

(d) failing to contact the utility company maintaining the power lines and requesting that the power lines be de-energized or visibly grounded;

(e) working closer to power lines than allowed by statute, including, but not limited to, TEX. HEALTH & SAFETY CODE ANN. §752.006 (Vernon Supp. 2002);

(f) failing to appoint a watch person who does nothing but watch the concrete boom pump while working in the proximity of power lines; and

(g) failing to locate and keep an assured clear distance from all power lines.

## VI. MALICE - OPERATION OF CONCRETE BOOM PUMP

19. Huschelpeck's conduct in operating Defendants' concrete boom pump was malicious, in that, when viewed objectively from the standpoint of Huschelpeck at the time of the collision, the conduct involved an extreme degree of

risk, considering the probability and magnitude of the potential harm to others, and in that Huschelpeck had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety or welfare of others. As a foreseeable and proximate result of Huschelpeck's malicious conduct, Plaintiffs suffered compensable damages.

## VII. VICARIOUS LIABILITY

20. Because Huschelpeck was an employee of Defendants acting within the course and scope of his employment at the time he caused the concrete boom pump he was operating to contact or move within arching distance of an overhead electric power line and electrocute Barry Keith Ewing, Defendants are vicariously liable for Huschelpeck's negligent and malicious conduct.

## VIII. NEGLIGENT ENTRUSTMENT

21. At the time of the electrocution, as referenced above, Defendants were the owner of the concrete boom pump being operated by Huschelpeck. Further, Defendants entrusted the concrete boom pump to Huschelpeck for the purpose of operating it and Huschelpeck operated Defendants' concrete boom pump with the knowledge, consent and permission of Defendants. At such time, Huschelpeck was incompetent and unfit to safely operate Defendants' concrete boom pump in that Huschelpeck lacked proper training, experience and supervision. Defendants knew, or in the exercise of due care, should have known, that Huschelpeck was an incompetent and unfit operator and would create an unreasonable risk of danger to persons and property. As a foreseeable and proximate result of Defendants negligent entrustment of its concrete boom pump, Plaintiffs suffered compensable damages.

## IX. MALICE - NEGLIGENT ENTRUSTMENT

22. Defendants conduct in entrusting its concrete boom pump to Huschelpeck was malicious, in that, when viewed objectively from the standpoint of Defendants at the time of the entrustment, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and in that Defendants had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety or welfare of others. As a foreseeable and proximate result of Defendants malicious conduct, Plaintiffs suffered compensable damages.

## X. NEGLIGENCE - BYSTANDER

23. As a foreseeable and proximate result of Defendants' negligent conduct, as described above, Justin Thomas Ewing has suffered severe mental pain and suffering since witnessing the electrocution and subsequent death of his father. Justin Thomas Ewing held his father while he lay dying at the worksite. In particular, Justin Thomas Ewing will show that after the electrocution and death of his father, he began to experience extreme depression, distractibility, weight loss, and difficulty sleeping. Justin Thomas Ewing has incurred and will continue to incur reasonable and necessary expenses for medical care and treatment of his condition.

## XI. MALICE - BYSTANDER

24. As a foreseeable and proximate result of Defendants' malicious conduct, as described above, Justin Thomas Ewing has suffered severe mental pain and suffering since witnessing the electrocution and subsequent death of his father. In particular, Justin Thomas Ewing will show that after the electrocution and death of his father, he began to experience extreme depression, distractibility,

weight loss, and difficulty sleeping. Justin Thomas Ewing has incurred and will continue to incur reasonable and necessary expenses for medical care and treatment of his condition.

## XII. DAMAGES

25. During his lifetime, Barry Keith Ewing was a loving and devoted father to his children, Justin Thomas Ewing and Jordan Linley Ewing. He was also a loving and devoted husband to his wife, June Ann Ewing and a loving and devoted son to his parents, Gilbert and Betty Ewing. As a result of Defendants' negligent and malicious conduct causing the death of Barry Keith Ewing, June Ann Ewing, Justin Thomas Ewing, Jordan Linley Ewing, and Gilbert and Betty Ewing suffered untold mental anguish, sorrow and grief and the loss of companionship and society which they would have enjoyed with Barry Keith Ewing had he lived. In addition, June Ann Ewing, Justin Thomas Ewing, Jordan Linley Ewing and Gilbert and Betty Ewing have been deprive of the pecuniary benefits, advice, counsel, comfort, care and guidance which they could have expected to receive from Barry Keith Ewing over the course of his lifetime.

26. As a foreseeable and proximate result of the above described negligent and malicious conduct and vicarious liability of Defendants, Plaintiffs suffered the following actual damages in excess of the minimum jurisdictional limits of the Court:

 (a) reasonable and necessary funeral expenses;

 (b) reasonable and necessary medical expenses;

 (c) mental anguish;

 (d) physical pain and suffering;

 (e) loss of future earning capacity;

(f)   loss of advice and counsel;

(g)   loss of services;

(h)   loss of support and financial contributions;

(i)   reasonable and necessary psychological treatment;

(j)   loss of companionship and society;

(k)   loss of inheritance;

(l)   court costs;

(m)  pre-judgment interest at the highest rate allowed by law; and

(n)   post-judgment interest at the highest rate allowed by law.

In addition, because of the malice or gross negligence of Defendants and employee Huschelpeck, Plaintiffs are entitled to (o) punitive or exemplary damages.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants, Custom Concrete Pumping Company, LLC and Custom Concrete, Inc., be cited to appear and answer and that upon final hearing Plaintiffs have and recover judgment of and from Defendants for all damages incurred individually and by the Estate of Barry Keith Ewing in an amount in excess of the minimum jurisdictional requirements of the Court; for punitive or exemplary damages; for pre-judgment and post-judgment interest; and for such other relief, at law or in equity, special or general, to which Plaintiffs may be justly entitled.

Respectfully submitted,

BY: _____
James N. Haltom
ATTORNEY IN CHARGE
TX Bar No. 08809000
Darby Vincent Doan
TX Bar No. 00793622
PATTON, HALTOM, ROBERTS,
  MCWILLIAMS & GREER, L.L.P.
2900 St. Michael Drive, Suite 400
P. O. Box 6128
Texarkana, Texas 75505-6128
Telephone: (903)334-7000
Facsimile: (903)334-7007

ATTORNEYS FOR PLAINTIFFS
JUNE ANN EWING AND JORDAN
LINLEY EWING

BY: _____
Michael Angelovich
TX Bar No. 00785666
Nix, Patterson & Roach, LLP
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: (903)223-3999
Facsimile: (903)223-8520

ATTORNEYS FOR PLAINTIFF
JUSTIN THOMAS EWING