ORIGINAL

FILED-CLERK
U.S. DISTRICT COURT
02 MAR 12 PM 3:33
TEXAS-EASTERN
BY M Velasquez

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JUNE ANN EWING, INDIVIDUALLY and as Executrix of the Estate of BARRY KEITH EWING, JUSTIN THOMAS EWING, INDIVIDUALLY, and JORDAN LINLEY EWING, Individually | § | CIVIL ACTION NO. 5:02CV004 (Jury Demanded) |
| vs | § | |
| CUSTOM CONCRETE PUMPING COMPANY, LLC and CUSTOM CONCRETE, INC. | § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Now come the Defendants, CUSTOM CONCRETE PUMPING COMPANY, LLC, and CUSTOM CONCRETE, INC., and file this their Answer to Plaintiffs' First Amended Complaint and would respectfully show unto the Court as follows:

I.

Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Part I, paragraphs 1, 2, 3 and 4 of Plaintiffs' First Amended Complaint and therefore denies same to place them in issue.

II.

Defendants admit the allegations contained in Part I, paragraphs 5 and 6 of Plaintiffs' First Amended Complaint.

13

III.

Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Part II, paragraphs 7 and 8 of Plaintiffs' First Amended Complaint and therefore deny same to place them in issue.

IV.

Defendants admit that Ewing Concrete subcontracted with Custom Concrete Pumping, LLC for certain services on the date of the incident in question but are without knowledge and information sufficient to form a belief as to the truth of the remaining allegation of Part III, paragraph 9 of the Plaintiffs' First Amended Complaint and therefore deny same to place them in issue.

V.

Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Part III, paragraph 10 of Plaintiffs' First Amended Complaint and therefore deny same to place them in issue.

VI.

Defendants admit that at the time of the incident in question, Eddie Huschelpeck was an employee of Custom Concrete Pumping, LLC, and deny all remaining allegations of Part III, paragraph 11of Plaintiffs' First Amended Complaint.

VII.

Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Part III, paragraph 12 of Plaintiffs' First Amended Complaint and therefore deny same to place them in issue.

VIII.

Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Part IV, paragraphs 13, 14, 15, 16, 17 and 18 of Plaintiffs' First Amended Complaint and therefore deny same to place them in issue.

IX.

Defendants deny the allegations contained in Part V, paragraphs 19 and 20, of Plaintiffs' First Amended Complaint.

X.

Defendants deny the allegations contained in Part VI, paragraph 21, of Plaintiffs' First Amended Complaint.

XI.

Defendants admit only that Eddie Huschelpeck was an employee of Custom Concrete Pumping, LLC, at the time of the incident and deny the remaining allegations contained in Part VII, paragraph 22, of Plaintiffs' First Amended Complaint.

XII.

Defendants deny the allegations contained in Part VIII, paragraph 23, of Plaintiffs' First Amended Complaint.

XIII.

Defendants deny the allegations contained in Part IX, paragraph 24, of Plaintiffs' First Amended Complaint.

XIV.

Defendants are without knowledge and information sufficient to form a belief as to the truth

of the allegations contained in Part X, paragraph 25, of Plaintiffs' First Amended Complaint and therefore deny same to place them in issue.

XV.

Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Part XI, paragraph 26 of Plaintiffs' First Amended Complaint and therefore deny same to place them in issue.

XVI.

Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Part XII, paragraph 27, of Plaintiffs' First Amended Complaint and therefore deny same to place them in issue.

XVII.

Defendants deny the allegations contained in Part XII paragraph 28, of Plaintiffs' First Amended Complaint.

XVIII.

Defendants deny that Plaintiffs are entitled to recovery as set forth in the Prayer of Plaintiffs' First Amended Complaint.

**AFFIRMATIVE DEFENSES**

I.

Defendants would show the Court that the actions of the decedent were the sole cause of the incident in question which resulted in his death.

II.

In the alternative, Defendants submit that the actions of decedent constituted assumption of

the risks, contributory negligence, or contributory fault as defined by Texas law, which were a proximate and/or producing cause of his death, and that such conduct on his part was greater than any fault on the part of Defendants and that therefore Plaintiffs should not be entitled to recovery as set forth in Plaintiffs' First Amended Complaint.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiffs go forth and take nothing by their action, and for such other and further relief as to which they may be justly entitled.

Respectfully submitted,

ATCHLEY, RUSSELL, WALDROP
& HLAVINKA, L.L.P.
1710 Moores Lane -- P.O. Box 5517
Texarkana, Texas 75505-5517
Phone: (903) 792-8246
Fax: (903) 792-5801

J. Dennis Chambers
TX Bar No. 04073800

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Defendants, hereby certifies that he has forwarded to Plaintiff's Counsel, a true and correct copy of the attached DEFENDANTS' ANSWER TO PLAINTIFFS' First Amended COMPLAINT via certified mail, return receipt requested, and all other counsel of record via regular mail on this 12 day of March, 2002.

James N. Haltom
PATTON, HALTOM, ROBERTS, McWILLIAMS & GREER
2900 St. Michael Drive, Suite 400
Texarkana, Texas 75503

Mr. Michael Angelovich
NIX, PATTERSON & ROACH
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503

David Potter
901 n. State Line Avenue
Texarkana, Texas 75501

J. Dennis Chambers